IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAROLD BARKER                                                                                    PLAINTIFF

vs.                                              Civil No. 2:15-cv-02225

NANCY BERRYHILL                                                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Darold Barker ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for SSI was filed on March 30, 2010. (Tr. 11).  Plaintiff alleged he was disabled due to hypertension, seizures, kidney failure, and back problems. (Tr. 62).  Plaintiff alleged an onset date of December 23, 2010. (Tr. 11).  This application was denied initially and again upon reconsideration.  *Id.*

On April 5, 2012, the ALJ issued an unfavorable decision denying Plaintiff's application for

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

SSI. (Tr. 11-21). On March 14, 2014, pursuant to sentence four of 42 U.S.C. § 405(g), the District Court remanded the case to the Commissioner to reconsider Plaintiff's RFC and on May 23, 2014 the Appeals Council remanded the case to the ALJ. (Tr. 308).

Plaintiff's second administrative hearing was held on February 3, 2015. (Tr. 292-304). Plaintiff was present and was represented by counsel, Matthew Ketcham, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Montie Lumpkin testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-one (51) years old and had a high school education. (Tr. 224-230).

On August 13, 2015, the ALJ entered a partially unfavorable decision. (Tr. 274-281). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 276, Finding 1).

The ALJ also determined that since December 23, 2010, Plaintiff had the severe impairments of disorder of the spine, hypertension, diabetes mellitus with neuropathy, and plantar calluses. (Tr. 276, Finding 2). The ALJ then determined that since December 23, 2010, Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 276, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 277-279). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined that since December 23, 2010 Plaintiff retained the RFC to perform sedentary work, except he was limited to occasionally climbing ramps, stairs, ladders, ropes, scaffolds, balancing, stooping, kneeling, crouching, and crawling; no more than occasional operation of foot controls; and could perform frequent grasping and handling bilaterally. (Tr. 277, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 279, Finding 5). The ALJ found that since December 23, 2010 Plaintiff was unable to perform his PRW. *Id.* The ALJ also found that prior to May 26, 2013, the date Plaintiff's age category changed, considering Plaintiff' age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed (Tr. 280, Finding 9).

The ALJ then found beginning May 26, 2013, the date Plaintiff's age category changed, considering Plaintiff' age, education, work experience, and RFC, there were no jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (Tr. 281, Finding 10). As a result, the ALJ found Plaintiff not disabled prior to May 26, 2013, but became disabled on that date and continued to be disabled through August 13, 2015, the date of the decision. (Tr. 281, Finding 11).

On October 20, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

3

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred in the RFC determination. ECF No. 12, Pgs. 8-9. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined that since December 23, 2010 Plaintiff retained the RFC

to perform sedentary work, except he was limited to occasionally climbing ramps, stairs, ladders, ropes, scaffolds, balancing, stooping, kneeling, crouching, and crawling; no more than occasional operation of foot controls; and could perform frequent grasping and handling bilaterally. (Tr. 277, Finding 4). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 12, Pgs. 8-9. Specifically, Plaintiff argues the ALJ erred because he did not comply with the remand order to obtain a full and complete copy of a physical examination assessment Dr. Chester Carlson conducted on December 14, 2011.

On March 14, 2014, pursuant to sentence four of 42 U.S.C. § 405(g), the District Court remanded the case to the Commissioner to reconsider Plaintiff's RFC, and to either place a full and complete copy of a consultative physical examination report prepared by Dr. Carlson into the record, or if a full and complete copy of the report could not be obtained, to refer Plaintiff for another consultative examination. It would appear from the record that a complete copy of Dr. Carlson's assessment was not available because Plaintiff was sent for another consultative examination on July 15, 2014. (Tr. 397-409). Therefore, the ALJ did comply with the Court's Order.

Plaintiff also argues the ALJ committed error because he moved Plaintiff's RFC from light to sedentary, and did not consider the Court's concern about his ability to stand and walk due to neuropathy and plantar calluses. However, on remand, the ALJ sent Plaintiff for another consultative physical examination to obtain that evidence.

On July 15, 2014, Dr. John Dobbs performed a physical examination of Plaintiff. (Tr. 397-409). Dr. Dobbs indicated Plaintiff had a normal range of motion of his shoulders, elbows, wrists, hands, hips, knees, and ankles, with limited range of motion of his cervical and lumbar spine. (Tr. 399). Plaintiff had a negative straight-leg raising test in both legs, and had no muscle spasms, sensory abnormalities, or muscle atrophy. (Tr. 400). Dr. Dobbs also found Plaintiff could walk on

6

heel and toes, squat and arise from a squatting position halfway, and stand and walk without assistive devices. *Id.* Finally, Dr. Dobbs indicated Plaintiff had only mild lifting limitations. (Tr. 401). These findings support the ALJ's RFC assessment, and by reducing Plaintiff's ability to walk from frequent to occasional, the ALJ accounted for Plaintiff's walking and standing limitations due to neuropathy and plantar calluses.

Finally, the Plaintiff argues the ALJ erred by giving less weight to the opinions contained in two medical source statements. ECF No. 12, pg. 9. However, the ALJ properly accounted for the weight given these opinions by noting these opinions were based on estimates and guesses, internally inconsistent, and inconsistent with the evidence as a whole. (Tr. 278-279).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **2nd day of March 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE